UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORDAN WHITE,

    Plaintiff,

v.

PLACER COUNTY, et al.,

    Defendants.

No. 2: 18-cv-0026 TLN KJN P

ORDER

Pending before the court is defendants' motion to seal all moving papers, declarations, exhibits and materials filed regarding defendants' motion to enforce the protective order. Defendants also request that all opposition/response papers filed regarding the motion to enforce the protective order be filed under seal. Defendants' motion to enforce the protective order is set for hearing before the undersigned on January 31, 2019.

Defendants' memorandum in support of the motion to seal, as well as the motion to enforce the protective order, have been submitted electronically to the undersigned's proposed orders email address. Plaintiff's counsel was also electronically sent copies of these pleadings on December 18, 2018.

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172,

1

1179 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard presents a lower burden for the party wishing to seal documents. Pintos, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips ex re. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).)

When the underlying motion is more than tangentially related to the merits of the case, the "compelling reasons" standard applies. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-98 (9th Cir. 2016). When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. Id. It appears that the "good cause" standard applies because the underlying motion, i.e., defendants' motion to enforce the protective order, does not surpass the tangential relevance threshold.

Although plaintiff has not filed an opposition to the motion to seal, the undersigned finds that defendants have not met their burden of demonstrating good cause for sealing all the moving and opposition papers, exhibits, etc., submitted regarding the motion to enforce the protective order. In particular, defendants' motion to seal does not specifically address each document, exhibit, etc., for which the sealing order is sought. See Trotsky v. Travelers Indemnity Company, 2013 WL 12116152 at *4 (W.D. Wash. 2013) ("Broad statements of harm will not suffice, and there must be specific facts and examples supporting the asserted harm for *each document* that the moving party wants to protect.") (emphasis added) (citing Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003)); see also Thomas v. Arroyo, 2015 WL 1805235 at *3 (D. Nev. 2015) (rejecting request to seal entire motion to dismiss because it references purportedly privileged and/or confidential documents).

Nevertheless, defendants' motion to seal is provisionally granted because it appears there may be good cause to file under seal some of the materials submitted regarding the motion to enforce the protective order.

However, defendants are ordered to file further briefing in support of the motion to seal. In the further briefing, defendants shall identify each specific document, exhibit, etc. for which

the sealing order is sought. Defendants shall address why good cause exists to file under seal each specific document, exhibit, etc. identified in the further briefing, including those documents submitted by plaintiff in support of the opposition. Defendants' further briefing is due following the filing, under seal, of plaintiff's opposition to the motion to enforce the protective order. The undersigned will address the motion to seal at the January 31, 2019 hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to seal is provisionally granted; all pleadings, exhibits, materials, documents, etc., filed regarding defendants' motions to seal and to enforce the settlement agreement shall be filed under seal;

2. The Clerk of the Court is directed to file under seal all documents/materials/exhibits, previously submitted by defendants regarding the motions to seal and to enforce the protective order to the undersigned's proposed orders email address;

3. Plaintiff shall file, under seal, a response to defendants' motion to enforce the protective order on or before January 17, 2019; defendants' further briefing in support of the motion to seal shall be filed, under seal, on or before January 23, 2019; plaintiff may file, under seal, a response to the further briefing regarding the motion to seal on or before January 28, 2019;

4. The January 31, 2019 hearing regarding defendants' motion to seal and to enforce the protective order is confirmed.

Dated: January 10, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wh26.ord